PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHAWN S. THORPE, *et al.*, | ) | |
| | ) | CASE NO. 5:16CV1247 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| WAL-MART STORES, INC., *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 4] |

Pending is Defendant Wal-Mart Stores, East, LP's Motion for More Definite Statement Pursuant to Fed. R. Civ. P. 12(e) (ECF No. 4). The Court has been advised, having reviewed the record, the parties' briefs, and the applicable law. For the reasons set forth below, the motion is denied.

On April 25, 2016, Plaintiffs Shawn S. Thorpe and Deonshai J. Millender filed the above-entitled action in the Portage County, Ohio Court of Common Pleas (Case No. 2016CV00385) against Defendants Wal-Mart Stores, Inc., Wal-Mart Stores, East, LP, d/b/a "Wal-Mart", John Doe Corporation No. 1, and John Doe No. 1. The Complaint (ECF No. 1 at PageID #: 4-14) sets forth six causes of action, which arise from an incident that occurred in April 2015 at a Wal-Mart retail store located in Kent, Ohio, wherein police were contacted by Wal-Mart personnel due to suspicions that Plaintiffs had shoplifted. Once the police officers arrived, Plaintiffs were detained in an aisle of the store for about 30 minutes, but it was ultimately determined that an arrest was not required. The "General Allegations" section

(5:16CV1247)

contains twenty-four paragraphs describing Wal-Mart's alleged wrongful conduct giving rise to this lawsuit. ECF No. 1 at PageID #: 6-9, ¶¶ 9-32. On May 24, 2016, Defendant Wal-Mart Stores, East, LP removed the case to this Court pursuant to 28 U.S.C. § 1441. *See* Notice of Removal (ECF No. 1 at PageID #: 1-3).

      Defendant Wal-Mart Stores, East, LP moves for a more definite statement containing additional factual basis and detail as to the First (False Imprisonment), Second (Defamation), and Third (False Light) Causes of Action of the Complaint (ECF No. 1 at PageID #: 4-14). Wal-Mart argues the First Cause of Action "is bereft of any allegation as to how Wal-Mart, its agents, employees, or representatives intentionally and physically participated in Plaintiffs' detention or that Wal-Mart actually used or threatened the use of force directly to Plaintiffs." ECF No. 4 at PageID #: 27. Next, while admitting that the Second Cause of Action does contain allegations concerning Wal-Mart's communications with law enforcement agencies, Wal-Mart contends "there is nothing in the Complaint that demonstrates that Wal-Mart communicated anything to customers present in the store." ECF No. 4 at PageID #: 28. Finally, Wal-Mart maintains "Plaintiffs offer no allegations [in the Third Cause of Action] as to how Wal-Mart publicly cast[ ] a false light and/or portrayed Plaintiffs as criminals caught 'red handed,' to the extent there is further conduct in addition to contacting law enforcement." ECF No. 4 at PageID #: 29. These issues, however, raise questions for discovery and perhaps subsequent dispositive motions, but do not show that a more definite statement of the claims is necessary.

      "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare

2

(5:16CV1247)

a response." Fed. R. Civ. P. 12(e); *see also* *E.E.O.C. v. FPM Group, Ltd.*, 657 F. Supp.2d 957, 966 (E.D. Tenn. 2009).  Rule 12(e) motions are generally disfavored in light of liberal federal pleading and discovery rules.  *Monahan v. Smyth Automotive, Inc.*, No. 1:10-CV-00048, 2011 WL 379129, at *3 (S.D. Ohio Feb. 2, 2011); *Federal Ins. Co. v. Webne*, 513 F. Supp.2d 921, 924 (N.D. Ohio 2007) (Carr, C.J.).  *See also* *Stewart v. Gracik*, No. 1:10-cv-698, 2011 WL 4559179, at *3 (W.D. Mich. Aug. 26, 2011) (Rule 12(e) motions are rarely granted in view of the notice pleading standards of Fed. R. Civ. P. 8(a)(2)).  Motions for a more definite statement are designed to address unintelligibility rather than a lack of detail.  *United States v. Paul*, 6:07-CV-36, 2008 WL 2074024, at *2 (E.D. Ky. May 13, 2008) (citing *Schwable v. Coates*, No. 3:05CV7210, 2005 WL 2002360, at *1 (N.D. Ohio Aug. 18, 2005) (Katz, J.)).  The court should grant such a motion only when "the complaint is so vague or unintelligible that it is virtually impossible for the defendant to craft its responsive pleading." *Monahan*, 2011 WL 379129, at *3 (citing, *e.g.*, *Shaffer v. Eden*, 209 F.R.D. 460 (D. Kan. 2002); *Synagro-WWT, Inc. v. Rush Tp., Penn.*, 204 F. Supp.2d 827, 849 (M.D. Pa. 2002)).  "[A]llegations that are unclear due to a lack of specificity are more appropriately clarified by discovery rather than by an order for a more definite statement." *Kok v. First Unum Life Ins. Co.*, 154 F. Supp.2d 777, 782 (S.D.N.Y. 2001) (quoting *In re European Rail Pass Antitrust Litig.*, 166 F. Supp.2d 836, 844 (S.D.N.Y. 2001)); *see also* 5C *Fed. Prac. & Proc. Civ.* § 1377 (3d ed.) ("[A] Rule 12(e) motion based [only] on the belief that a better affirmative pleading by the opposing party will enable [the movant] to provide a more enlightening or accurate response will be denied.").

(5:16CV1247)

The Court finds that the First, Second, and Third Causes of Action of the Complaint (ECF No. 1 at PageID #: 4-14), along with the "General Allegations" section, sufficiently allege causes of action for false imprisonment, defamation, and false light at this stage of the litigation; and sufficiently offer notice to Defendant Wal-Mart Stores, East, LP as to what matters are alleged, even if those matters must be further explored during discovery.  The allegations in these three causes of action are not so vague as to be unintelligible or to prejudice Defendant Wal-Mart Stores, East, LP in formulating an answer.

Accordingly, Defendant Wal-Mart Stores, East, LP's Motion for More Definite Statement Pursuant to Fed. R. Civ. P. 12(e) (ECF No. 4) is denied.

Counsel are reminded that this case is set for a Case Management Conference on August 3, 2016, at 2:30 p.m.  *See* Scheduling Notice (ECF No. 11).

IT IS SO ORDERED.


  August 2, 2016                                              */s/ Benita Y. Pearson*
Date                                                                    Benita Y. Pearson
                                                                              United States District Judge