IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SHAWN S. THORPE, *et al.*, | CASE NO. 5:16-CV-01247-BYP |
| Plaintiffs, | |
| vs. | **ANSWER ON BEHALF OF DEFENDANT WAL-MART STORES EAST, LP TO PLAINTIFFS' COMPLAINT** |
| WAL-MART STORES, INC., *et al.*, | |
| Defendants. | [JURY DEMAND ENDORSED HEREON] |

Now comes Defendant, Wal-Mart Stores East, LP, improperly designated in the Complaint as Wal-Mart Stores, Inc. ("Walmart"), by and through undersigned counsel and for its Answer to Plaintiffs' Complaint states as follows:

**FIRST DEFENSE**

1. Walmart is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiffs' Complaint.

2. Walmart is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3. Walmart admits it is a foreign corporation organized under the laws of the State of Delaware, with its principal place of business in Bentonville, Arkansas, and operates retail stores throughout the State of Ohio. Further answering, Walmart denies the remaining allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4. Walmart admits it is a foreign corporation organized under the laws of the State of Delaware, with its principal place of business in Bentonville, Arkansas, and operates retail stores throughout the State of Ohio. Further answering, Walmart denies the remaining allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5. Walmart is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiffs' Complaint.

6. Walmart is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7. Paragraph 7 contains a legal conclusion to which no response is required. To the extent a response is required, Walmart is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiffs' Complaint.

8. Walmart restates and reavers Paragraphs 1 through 7 of its Answer as if fully rewritten herein.

9. Walmart is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10. Walmart is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11. Walmart is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12. Walmart is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13. Walmart admits that on April 27, 2015, Plaintiffs were present at certain times at its retail store located at 250 Tallmadge Road, Kent, Ohio. Further answering, Walmart is

without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13 of Plaintiffs' Complaint.

14. Walmart is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15. Walmart is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiffs' Complaint.

16. Walmart is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiffs' Complaint.

17. Walmart is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18. Walmart admits that on April 27, 2015, Plaintiffs were present at certain times at its retail store located at 250 Tallmadge Road, Kent, Ohio. Further answering, Walmart is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19. Walmart admits that on April 27, 2015, it contacted law enforcement to respond to its retail store located at 250 Tallmadge Road, Kent, Ohio. Further answering, Walmart denies the remaining allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20. Walmart denies the allegations contained in Paragraph 20 of Plaintiffs' Complaint.

21. Walmart is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiffs' Complaint.

22. Walmart is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiffs' Complaint.

23. Walmart is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiffs' Complaint.

24. Walmart is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiffs' Complaint.

25. Walmart denies that it made the oral statements contained in Paragraph 25 of Plaintiffs' Complaint. Further answering, Walmart is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25 of Plaintiffs' Complaint.

26. Walmart denies that it detained and/or physically touched or handcuffed Plaintiffs. Further answering, Walmart is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26 of Plaintiffs' Complaint.

27. Walmart denies that it photographed, detained, and/or physically touched or handcuffed Plaintiffs. Further answering, Walmart is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 27 of Plaintiffs' Complaint.

28. Walmart is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiffs' Complaint.

29. Walmart is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of Plaintiffs' Complaint.

30. Walmart is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiffs' Complaint.

31. Walmart denies that it caused any such publications to be made. Further answering, Walmart is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 31 of Plaintiffs' Complaint.

32. Walmart is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of Plaintiffs' Complaint.

33. Walmart restates and reavers Paragraphs 1 through 32 of its Answer as if fully rewritten herein.

34. Walmart denies the allegations contained in Paragraph 34 of Plaintiffs' Complaint.

35. Walmart denies the allegations contained in Paragraph 35 of Plaintiffs' Complaint.

36. Walmart denies the allegations contained in Paragraph 36 of Plaintiffs' Complaint.

37. Walmart denies the allegations contained in Paragraph 37 of Plaintiffs' Complaint.

38. Walmart denies the allegations contained in Paragraph 38 of Plaintiffs' Complaint.

39. Walmart denies the allegations contained in Paragraph 39 of Plaintiffs' Complaint.

40. Walmart denies the allegations contained in Paragraph 40 of Plaintiffs' Complaint.

41. Walmart denies the allegations contained in Paragraph 41 of Plaintiffs' Complaint.

42. Walmart restates and reavers Paragraphs 1 through 41 of its Answer as if fully rewritten herein.

43. Walmart denies the allegations contained in Paragraph 43 of Plaintiffs' Complaint.

44. Walmart denies the allegations contained in Paragraph 44 of Plaintiffs' Complaint.

45. Walmart denies the allegations contained in Paragraph 45 of Plaintiffs' Complaint.

46. Walmart denies the allegations contained in Paragraph 46 of Plaintiffs' Complaint.

47. Walmart denies the allegations contained in Paragraph 47 of Plaintiffs' Complaint.

48. Walmart restates and reavers Paragraphs 1 through 47 of its Answer as if fully rewritten herein.

49. Walmart denies the allegations contained in Paragraph 49 of Plaintiffs' Complaint.

50. Walmart denies the allegations contained in Paragraph 50 of Plaintiffs' Complaint.

51. Walmart denies the allegations contained in Paragraph 51 of Plaintiffs' Complaint.

52. Walmart denies the allegations contained in Paragraph 52 of Plaintiffs' Complaint.

53. Walmart denies the allegations contained in Paragraph 53 of Plaintiffs' Complaint.

54. Walmart restates and reavers Paragraphs 1 through 53 of its Answer as if fully rewritten herein.

55. Walmart denies the allegations contained in Paragraph 55 of Plaintiffs' Complaint.

56. Walmart denies the allegations contained in Paragraph 56 of Plaintiffs' Complaint.

57. Walmart denies the allegations contained in Paragraph 57 of Plaintiffs' Complaint.

58. Walmart restates and reavers Paragraphs 1 through 58 of its Answer as if fully rewritten herein.

59. Walmart denies the allegations contained in Paragraph 59 of Plaintiffs' Complaint.

60. Walmart denies the allegations contained in Paragraph 60 of Plaintiffs' Complaint.

61. Walmart restates and reavers Paragraphs 1 through 60 of its Answer as if fully rewritten herein.

62. Walmart is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of Plaintiffs' Complaint.

63. Walmart is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of Plaintiffs' Complaint.

64. Walmart denies the allegations contained in Paragraph 64 of Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

### SECOND DEFENSE

65. Walmart affirmatively alleges, in the alternative, that Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### THIRD DEFENSE

66. Walmart affirmatively alleges, in the alternative, that service of process upon Walmart was improper as a matter of law.

### FOURTH DEFENSE

67. Walmart affirmatively alleges, in the alternative, that service of process was insufficient as a matter of law.

### FIFTH DEFENSE

68. Walmart affirmatively alleges, in the alternative, that Plaintiffs' have failed to join all necessary parties for a just adjudication of the captioned matter, including those parties who may possess a subrogated interest in this matter.

### SIXTH DEFENSE

69. Walmart affirmatively alleges, in the alternative, that the claims asserted in Plaintiffs' Complaint are barred by the applicable statute of limitations.

### SEVENTH DEFENSE

70. Walmart affirmatively alleges, in the alternative, that it owed no duty to Plaintiffs as a matter of law.

### EIGHTH DEFENSE

71. Walmart affirmatively alleges, in the alternative, that any damages allegedly sustained by Plaintiffs' are barred in whole or in part by their own comparative negligence.

### NINTH DEFENSE

71. Walmart affirmatively alleges, in the alternative, that the claims set forth in Plaintiffs' Complaint are barred under the doctrine of superseding and/or intervening cause.

### TENTH DEFENSE

72. Walmart affirmatively alleges, in the alternative, that the damages allegedly sustained by Plaintiffs were caused by the acts or omissions of persons and/or entities other than Walmart, and over whose conduct Walmart had no control, right to control, responsibility, or reason to anticipate.

### ELEVENTH DEFENSE

73. Walmart affirmatively alleges, in the alternative, that Plaintiffs have failed to mitigate their damages, if any.

### TWELFTH DEFENSE

74. Walmart affirmatively alleges, in the alternative, that the claims set forth in Plaintiffs' Complaint are barred by the equitable doctrines of payment, release, and/or laches.

### THIRTEENTH DEFENSE

75. Walmart affirmatively alleges, in the alternative, that Plaintiffs' Complaint is barred by the equitable doctrine of waiver.

### FOURTEENTH DEFENSE

76. Walmart affirmatively alleges, in the alternative, that Plaintiffs' Complaint is barred by the equitable doctrine of estoppel.

### FIFTEENTH DEFENSE

77. Walmart affirmatively alleges, in the alternative, that Plaintiffs' Complaint is barred by the equitable doctrine of unclean hands.

### SIXTEENTH DEFENSE

78. Walmart affirmatively alleges, in the alternative, that Plaintiffs' Complaint is barred as Plaintiffs assumed the risk, expressly, impliedly, primarily, secondarily, or otherwise incidental to the allegations set forth in Plaintiffs' Complaint.

### SEVENTEENTH DEFENSE

79. Walmart affirmatively alleges, in the alternative, to the extent payments have been made to the Plaintiffs or on Plaintiffs' behalf for injuries alleged, such payments must be set off against damages awarded herein.

### EIGHTEENTH DEFENSE

80. Walmart affirmatively alleges, in the alternative, that Plaintiffs' Complaint is barred as Walmart's communications with law enforcement were privileged and qualified.

### NINETEENTH DEFENSE

81. Walmart affirmatively alleges, in the alternative, that Plaintiffs' Complaint is barred due to Plaintiffs' status on Walmart's property.

### TWENTIETH DEFENSE

82. Walmart affirmatively alleges, in the alternative, that Plaintiffs' Complaint is barred because Walmart did not physically retrain, contact, and/or otherwise detain Plaintiffs by actual use of force and/or threat of use of force.

### TWENTY-FIRST DEFENSE

83. Walmart affirmatively alleges, in the alternative, that Plaintiffs' damages, if any, are limited by the provisions of Ohio Revised Code §2315.21, as upheld by *Arbino v. Johnson & Johnson*, 116 Ohio St.3d 468 (2007).

### TWENTY-SECOND DEFENSE

84. Walmart affirmatively alleges, in the alternative, that it is entitled to all protections, damage set-offs, limitation of damages, to apportion liability to co-defendants and unnamed parties, and/or apportionment of damages available by statute including, but not limited to, those available under Chapter 23 of the Ohio Revised Code, R.C. §§2323.41, 2323.43, 2307.28, 2307.22, 2307.23, and codified sections of S.B. 120, S.B. 179, and S.B. 281.

### TWENTY-THIRD DEFENSE

85. Walmart respectfully reserves the right to amend its Answer to Plaintiffs' Complaint to add such additional affirmative defenses, cross-claims, counterclaims, and/or third-party complaints as may be disclosed during the course of discovery in the captioned matter.

WHEREFORE, Defendant Wal-Mart Stores East, LP prays this Court dismiss the Plaintiffs' Complaint with prejudice, retain jurisdiction to decide any motion for sanctions that may be filed and award Defendant its costs, fees, attorney's fees and such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ *Nicholas P. Resetar*
Bradley A. Wright (0047090)
bwright@ralaw.com
Nicholas P. Resetar (0086507)
nresetar@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, OH 44308
Telephone: 330.376.2700
Facsimile: 330.376.4577
**ATTORNEYS FOR DEFENDANT
WALMART STORES EAST, LP**

## JURY DEMAND

Walmart demands a trial by jury of the maximum number of jurors permitted by law on all issues so triable.

/s/*Nicholas P. Resetar*
Bradley A. Wright
Nicholas P. Resetar

## PROOF OF SERVICE

I hereby certify that on this 2nd day of August 2016, a copy of the foregoing **ANSWER** was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/Nicholas P. Resetar*
Bradley A. Wright
Nicholas P. Resetar
